## Braun's Executrix v. Williams

(Decided January 7, 1915.)

Appeal from Daviess Circuit Court.

Appeal.—There is no error in the record and no point out of which to make a syllabus.

R. E. WATKINS for appellant.

W. T. ELLIS for appellee.

Opinion of the Court by Judge Carroll—Affirming.

In 1895 the appellee Williams recovered a judgment against J. W. Braun, upon which execution was issued in 1896, and returned "no property found." In February, 1913, Braun died, leaving a will in which he nominated his wife, the appellant, as executrix. After this payment of the judgment debt of Williams, which had been properly verified, was demanded and refused, and thereupon, in November, 1913, Williams brought this suit against the executrix, setting up that ample estate had come into her hands to pay the debt and asking for a settlement of the estate and that he have such orders as might be necessary to enforce the payment of his claim. It was further averred that J. W. Braun, in August, 1901, and at divers other times, had acknowledged the justice of the judgment debt and promised to pay it.

To this suit the executrix filed a general demurrer and also a motion to require the plaintiff to elect whether he would prosecute his action on the original cause, to-wit, the judgment, or on the new promise alleged to have been made in 1901, both of which were properly overruled by the court.

On December 17, 1913, the executrix filed her answer, in which she stated that she had paid all of the claims presented against the estate of her husband except the Williams claim, and sought to defeat the collection of this on the principal ground that it was barred by limitation. The answer contained other matter that we do not think it necessary to notice.

To this answer a reply was filed, and the record shows that, without objection, the case was set down for trial for December 30th, and on this day, when the evidence, without objection, was heard by the court, it was adjudged that the claim asserted by Williams was a just claim and that he had promised to pay the same in August, 1901, and at other times, and the executrix was ordered to pay the claim within 30 days thereafter, and upon her failure to do so, the court reserved the right to enter a judgment against her as executrix.

It further appears from the record that in January, 1914, the transcript of the evidence heard by the court was tendered, and thereafter, by further order of court, was signed by the judge and filed. It is further shown that the executrix having failed to pay the debt after being again ruled to do so, judgment was entered against

her as executrix for the amount of the debt, to be levied on assets unadministered in her hands.

On this appeal we are asked to reverse the judgment for error of the court in prematurely forcing the executrix into trial, and in permitting incompetent evidence to be heard. The record does not show that any objection was made to the trial of the case, and the evidence of the acknowledgment of the justness of the debt and the promise to pay it was not only competent, but as complete and satisfactory as evidence could well be.

The judgment is affirmed.